UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

STEPHEN A. MITCHELL,

        Plaintiff,

v.

CORIZON HEALTH INC. et al.,

        Defendants.
_____/

Case No. 1:23-cv-1212

Honorable Jane M. Beckering

**OPINION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as legally frivolous because it is barred by the doctrine of *res judicata*.

**Discussion**

**I.**    **Factual Allegations**

      Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. The events

about which he complains occurred at that facility. Plaintiff sues Registered Nurse Supervisors Raeann MacIntosh and Unknown Peters, Registered Nurse Mary Schultz, Medical Provider Margaret Ouellette, and Health Unit Manager Nathan Mikel. Plaintiff also sues Corizon Health, Inc., the private company that previously contracted with the MDOC to provide healthcare services and which employed the other named Defendants.

Plaintiff alleges that on November 3, 2022, he saw offsite urologist Dr. Eric R. Stockall for an outpatient urological procedure. (ECF No. 1, PageID.3.) Plaintiff underwent a benign prostatic hyperplasia with hesitancy, also referred to as a Urolift procedure. (*Id.*, PageID.4, 5.) That same day, Dr. Stockall placed an 18-inch catheter in Plaintiff and placed an order for it to be removed by medical personnel at LCF the next day. (*Id.*, PageID.4.)

The next day, Plaintiff went to the LCF healthcare department to have the catheter removed, but "was unsuccessful to have his catheter removed before an infection set in." (*Id.*) On November 7, 2022, Plaintiff's medical provider completed a chart review. (*Id.*) On November 10, 2022, Plaintiff returned to the healthcare department, but did not have the catheter removed. (*Id.*) Plaintiff filed a grievance about the matter on November 11, 2022, and "his own medical provider placed a 407" to have Plaintiff return to Dr. Stockall for removal of the catheter. (*Id.*) Plaintiff saw Dr. Stockall on November 16, 2022, at which time the catheter was removed. (*Id.*)

Plaintiff alleges that he suffered a "bad [u]rina[ry] [i]nfection" because the catheter was not removed until 14 days after the November 2, 2022 procedure. (*Id.*, PageID.5.) Based on the foregoing, Plaintiff asserts violations of his Eighth Amendment rights premised upon alleged deliberate indifference to his medical needs. (*Id.*) Plaintiff also asserts state law claims of gross negligence and intentional infliction of emotional distress. (*Id.*, PageID.6–7.) He seeks declaratory relief, as well as damages. (*Id.*, PageID.7.)

This is not Plaintiff's first lawsuit regarding the failure to remove the catheter. On March 28, 2023, Plaintiff filed a complaint against Defendants Ouellette, Schultz, Mike, MacIntosh, and Peters. Compl., *Mitchell v. Ouelette*, No. 1:23-cv-315 (W.D. Mich.) (ECF No. 1). In that complaint, Plaintiff alleged Eighth Amendment violations, as well as violations of the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), and violations of state law for gross negligence and intentional infliction of emotional distress. In an opinion and judgment entered on May 19, 2023, the Court dismissed Plaintiff's federal claims for failure to state a claim upon which relief could be granted and dismissed his state law claims without prejudice after declining to exercise supplemental jurisdiction over such claims. *Id.*, Op. & J. (ECF Nos. 7 and 8). Plaintiff subsequently moved for leave to file an amended complaint. *Id.*, Mot. (ECF Nos. 9 and 10). In an order entered on September 18, 2023, the Court denied Plaintiff leave, noting that his proposed amended complaint did not cure the defects noted from his original complaint. *Id.*, Order (ECF No. 13).

## II.     Res Judicata

Plaintiff's claims regarding the delayed removal of the catheter have been litigated to final judgment in this Court. The doctrine of claim preclusion, sometimes referred to as *res judicata*, provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982); *see also Bowen v. Gundy*, No. 96-2327, 1997 WL 778505, at * 1 (6th Cir. Dec. 8, 1997). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*,

3

449 U.S. 90, 94 (1980). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen*, 449 U.S. at 94; *accord Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

The prerequisites for application of *res judicata* are present here. Plaintiff's prior lawsuit was dismissed for failure to state a claim. "A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits,' and is therefore done with prejudice." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (quoting *Federated Dep't Stores*, 452 U.S. at 399 n.3 (1981)) (internal quotes omitted).

Furthermore, Plaintiff's claims regarding the catheter in this suit are raised against the same parties—Defendants Ouellette, Mikel, MacIntosh, Peters, and Schultz—and a party in privity with them—Corizon Health Inc., the company that employed the individual providers and contracted to provide healthcare for the MDOC. "[I]t is well settled that a principal-agent relationship satisfies the privity requirement of *res judicata* where the claims alleged are within the scope of the agency relationship." *ABS Indus., Inc. v. Fifth Third Bank*, 333 F. App'x 994, 999 (6th Cir. 2009). Although Plaintiff did not name Corizon Health Inc., as a defendant in his first suit, his alleged claims fall within the scope of the agency relationship between Corizon and the individual providers.

Finally, the instant suit involves the same claims and cause of action as Plaintiff's prior suit. The delayed removal of the catheter and the resulting infection form the factual foundation of both suits.

4

In sum, the Court concludes that Plaintiff's claims are barred by *res judicata*. An action barred by *res judicata* is legally frivolous. *See, e.g.*, *Taylor v. Reynolds*, 22 F. App'x 537, 538 (6th Cir. 2001); *Hill v. Elting*, 9 F. App'x 321, 321–22 (6th Cir. 2001). For that reason, Plaintiff's complaint is properly dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed as legally frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), because it is barred by the doctrine of *res judicata*.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   December 7, 2023          /s/ Jane M. Beckering
                                   Jane M. Beckering
                                   United States District Judge